IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Estelle Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:05-1047-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the

Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (West 1994 & Supp. 2005).

Estelle Wilson ("Wilson") seeks attorney's fees for services rendered in the above-captioned

social security action in the amount of Three Thousand Six Hundred Twenty-nine Dollars and

Two Cents ($3,629.02) (calculated at $152.48 per hour for 23.8 hours) and costs in the

amount of Two Hundred Fifty Dollars ($250.00). The Commissioner objects to the request

for attorney's fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA

attorneys' fees upon timely petition for them if the government's position was not

substantially justified and no special circumstances make an award unjust." Thompson v.

Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test

of whether or not a government action is substantially justified is essentially one of

reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984). "In order to defeat

an award, the government must show that its case had a reasonable basis both in law and

1

fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

In its April 5, 2006, order the court adopted Magistrate Judge Kosko's Report and Recommendation, remanding the case for further proceedings before the ALJ. In objecting to the Report and Recommendation, the Commissioner argued that Wilson could perform the job of linen grader, despite the fact that the ALJ had specifically found that Wilson lacked the requisite reasoning level to perform that job. The court found that, even if the ALJ could have reconciled the inconsistency between the reasoning level required for the linen grader job (as defined by the Dictionary of Occupational Titles ("DOT")) and the ALJ's finding as to Wilson's residual functional capacity, the ALJ would have had to explain how he reconciled the conflict, which he did not do. (April 5, 2006, Order 7-8.) Hence, the ALJ erred either in finding that Wilson could perform the linen grader job (due to the inconsistency between his finding and the DOT requirements) or in failing to reconcile the conflict between his findings and the requirements set forth in the DOT for the job. Regardless, the Commissioner now argues that it was substantially justified in arguing that Wilson could perform the linen grader job. The court disagrees.

After a careful review of the record and the relevant case law, the court concludes that the Commissioner's position was not substantially justified and grants Wilson's motion for attorney's fees and costs pursuant to the EAJA.

It is therefore

**ORDERED** that Wilson's motion for attorney's fees under the EAJA, docket number 10, is granted, and Wilson is awarded attorney's fees in the amount of Three Thousand Six Hundred Twenty-nine Dollars and Two Cents ($3,629.02) and costs in the amount of Two Hundred Fifty Dollars ($250.00).

**IT IS SO ORDERED**.


                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
April 13, 2006