IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Estelle D. Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:05-1047-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). W. Ralph Garris ("Garris"), counsel for Estelle D. Wilson ("Wilson"), seeks attorney's fees for services rendered in the above-captioned social security action in the amount of Seven Thousand Seven Hundred Eighty-seven Dollars and Seventy-three Cents ($7,787.73), which represents 25% of the award ($11,416.75) minus the fee previously awarded to Garris by the Social Security Commission pursuant to the Equal Access to Justice Act ("EAJA") ($3,629.02). See 28 U.S.C. § 2412(a), (d) (2006). The Commissioner does not object to the request for attorney's fees.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a Social Security case,[1] the court finds that an award of Seven Thousand Seven Hundred Eighty-seven Dollars and Seventy-three Cents ($7,787.73) is reasonable. See

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to a contingency fee agreement with Wilson, Garris seeks attorney's fees in the amount of twenty-five percent (25%) of any past-due benefits. In compliance with 42 U.S.C. § 406(b)(1)(A), Garris's requested fee does not exceed twenty-five percent (25%) of any past-due benefits.

The requested attorney's fee is reasonable[2] given that Garris expended more than twenty-three and eight tenths (23.8) hours working on this matter and achieved a successful result for Wilson without any unreasonable delay. Further, in light of Garris's specialized skill in Social Security disability cases, an hourly rate of $327.22, calculated based on the requested fee of $7,787.73 divided by the 23.8 hours expended, does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003).

Therefore, it is

**ORDERED** that Garris is awarded attorney's fees in the amount of Seven Thousand Seven Hundred Eighty-seven Dollars and Seventy-three Cents.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 7, 2007

---

[2] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328.